405 P.2d 805

**STATE of Arizona, Appellee,**

v.

**William S. CONRAD, Appellant.**

No. 1349.

Supreme Court of Arizona,

En Banc.

Sept. 23, 1965.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, Former Atty. Gen., Stirley Newell, Former Asst. Atty. Gen., Phoenix, for appellee.

Gary L. Yahnke, Prescott, Ronald G. Cooley, Phoenix, for appellant.

LOCKWOOD, Chief Justice.

On December 18, 1962 at about 11:30 P.M., the appellant, hereafter called defendant, entered a Phoenix liquor store and ordered a bottle of whiskey. Upon receiving it he displayed a gun and robbed the owner of approximately $63.00 in currency and the bottle of whiskey. (The gun was in fact a "blank starter" gun.) After leaving the store, he claims to have decided to "call the whole thing off" since he felt that he "had done wrong." However, upon reentering the store he found his victim, who had been locked in a closet, leaving through the rear door. He again left the premises and waited down the street to watch the police arrive.

Immediately thereafter, he walked to a friend's house, leaving the stolen money in his car which he left at the scene of the crime. Later, at about 3:00 A.M. he went to the Glendale Police Department and told the Desk Sergeant what had transpired. At 4:00 A.M. he signed a full confession.

Defendant was arraigned January 8, 1963 and entered a plea of not guilty. A "notice of intention to plead not guilty by reason of insanity" was filed on January 17, 1963. On this day, a motion for continuance and for a mental examination was filed under the provisions of Rule 250 of the

Rules of Criminal Procedure, 17 A.R.S. The motion was granted on January 24, 1963.

A jury trial was held on March 29, 1963 which resulted in a mistrial as the jury failed to reach a verdict. On April 3, 1963 the defendant was tried before a jury. At this trial defendant admitted the commission of the robbery, but claimed he was temporarily insane at the time of its commission. He also testified as to his long history of mental illness both in civilian and military life.

The jury, properly instructed as to the M'Naghten Rules, returned a verdict of guilty and defendant was sentenced to a term of five to six years in the Arizona State Prison.

Defendant's only claim of error is that the trial court erred in refusing to give Defendant's Requested Instruction No. 1 to the jury. This instruction, which is substantially the American Law Institute's Model Penal Code's formulation of a rule defining criminal responsibility when mental disease (insanity) or defect is claimed, reads as follows:

"I further instruct you that a person is not responsible for criminal conduct if at the time of such conduct, as a result of mental disease or defect, he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law.

"Therefore if you find from the evidence presented to you, that Defendant lacked substantial capacity to appreciate the criminality of his conduct and had substantial impairment of the capacity of self control at the time the offense was committed, then you must find the Defendant was not guilty by reason of insanity."

Defendant argues that the Court should "strip itself of the antiquated doctrine laid down by M'Naghten" and adopt the test set forth above.

The recent case of State v. Schantz, 98 Ariz. 200, 403 P.2d 521, 528 (1965) completely disposes of the issue before us. We rejected the Model Penal Code's interpretation of criminal responsibility and reaffirmed adherence to the M'Naghten Rules:

"* * * Whatever may be the theoretical merits in the medical evaluation of the volitional aspects of the human mind, we, like California, do not accept § 4.01 of the Model Penal Code as the test for criminal responsibility in this state. * * *"

Moreover, we reaffirm our views expressed in State v. Crose, 88 Ariz. 389, 394, 357 P.2d 136, 139 (1960):

"* * * We are under no illusions concerning the M'Naghten Rules. They do not provide a perfect test for criminal responsibility. They may not even provide a good one. They mere-

ly provide what we believe to be, in all the circumstances, still the best that is available. We decline to abandon them."

Judgment affirmed.

STRUCKMEYER, V. C. J., and BERN-STEIN, UDALL, and McFARLAND, JJ., concur.